IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br>     Respondent, § <br> § <br> v. § <br> § <br> ROBERT JAMES TALBOT, JR., § <br>     Petitioner. § | Case No. 4:14-CR-169 <br><br> Case No. 4:18-CV-0468 |

**UNITED STATES' MOTION TO DISMISS
TALBOT'S MOTION FOR RELIEF UNDER
28 U.S.C. § 2255 AS TIME BARRED**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States, by and through the United States Attorney for the Southern District of Texas, files this Motion to Dismiss Robert James Talbot, Jr. (Talbot)'s Motion for Relief under 28 U.S.C. § 2255 (DE-83).[1] In support thereof, the United States would show the Court the following:

**I.**

**COURSE OF PROCEEDINGS**

On October 3, 2014, Talbot pleaded guilty to the charge of attempted interference with commerce by robbery (Count 1), a violation of 18 U.S.C. § 1951(a), and to the charge of solicitation to commit a crime

---

[1] "DE" refers to the district clerk docket entries in Case No. 4:14CR169.

of violence (Count Two), a violation of 18 U.S.C. § 373(a). (DE-11, 29). The Court sentenced Talbot on November 6, 2015. (DE-61). The Court remanded Talbot into the custody of the Bureau of Prisons to serve concurrent sentences of 78 months' imprisonment that are to be followed by concurrent three-year terms of supervised release. The Court imposed the mandatory assessment of $200 and a fine of $800. The district clerk entered the judgment of conviction and sentence on November 24, 2015. (DE-62).

Talbot did not appeal. The judgment of conviction thus became final on December 7, 2015, the last day on which Talbot could have filed a notice of appeal. Fed. R. App. P. 4(b)(1)(A) (2010); 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Talbot filed his motion for relief under 28 U.S.C. § 2255 on November 20, 2017, long after the expiration of the one-year statute of limitations prescribed by 28 U.S.C. § 2255(f)(1). (DE-83, p. 12).[2] This motion is time barred.

---

[2] A pro se petitioner's pleading is deemed filed when it is delivered to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). Here, Talbot declares that he delivered his motion to the prison mailing system on November 20, 2017. (DE-83, p. 12).

## II.

## **JURISDICTION**

Under 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if:

(1) The sentence was imposed in violation of the Constitution or the laws of the United States,

(2) The district court was without jurisdiction to impose the sentence,

(3) The sentence imposed was in excess of the maximum authorized by law, or

(4) The sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Talbot ostensibly asserts that he was denied due process of law when his attorney allowed him to enter a guilty plea without advancing the affirmative defenses of diminished capacity. This assertion implicates Talbot's Sixth Amendment right to

3

the effective assistance of counsel. (DE-83, pp. 4-5). Talbot's challenge to his conviction and sentence arises under his Sixth Amendment right to the effective assistance of counsel and his right to due process. This complaint thus implicates questions of constitutional magnitude. This Court is thus vested with jurisdiction under 28 U.S.C. § 2255(a) and 28 U.S.C. § 1331.

### III.

### AUTHORITIES FOR DISMISSAL

A motion for relief under 28 U.S.C. § 2255 must be filed within one year from the latest of –

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Talbot' conviction became final on December 7, 2015 – the last day on which he could have filed a notice of appeal. Limitations under § 2255(f) began to run on that day. Talbot should have filed his motion by December 7, 2016, for it to be timely. To escape the limitations bar, Talbot must allege and show that the provisions of 28 U.S.C. § 2255(f)(2)-(4) extended limitations, or that he is entitled to relief under equitable tolling. Because Talbot is not subject to any of the provisions of § 2255(f)(2) through (4), he must demonstrate that he is entitled to relief under the doctrine of equitable tolling.

The Fifth Circuit has observed, "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Because the one-year limitation of the Anti-terrorism and Effective Death Penalty Act (AEDPA) is not jurisdictional, it is indeed subject to equitable tolling. *Id.*

In *United States v. Riggs*, 314 F.3d 796 (5th Cir. 2003), the district court applied the doctrine of equitable tolling and granted the petitioner relief under 28 U.S.C. § 2255. The district court found that Riggs relied upon his attorney's incorrect advice as to the correct time for filing a

5

motion for collateral relief. *Riggs* at 798. The Fifth Circuit reversed noting, "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id.*, at 799 (citing *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Petty*, 530 F.3d at 366.

In *Jones v. United States*, 304 F.3d 1035 (11th Cir. 2002), the Eleventh Circuit explained why "equitable tolling" was applied only to the rare and extraordinary circumstance beyond the petitioner's control. The court proceeded from the proposition that the fundamental purpose of the Anti-terrorism and Effective Death Penalty Act (AEDPA) was to establish finality in post-conviction proceedings. *Jones,* at 1039. In light of the AEDPA's purpose, the court explained why courts apply the doctrine of equitable tolling sparingly:

> The judicial concern with equitable tolling is disruption of congressionally established statute of limitation through various equitable exceptions susceptible to repetition and expansion:
>
> [A]ny invocation of equity to relieve strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any

6

> resort to equity must be reserved for those rare instances where - - **due to circumstances external to the party's own conduct** - - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.*, at 1039 & n. 9 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). The Eleventh Circuit observed that the petitioner bears the burden of proving the entitlement of equitable tolling by showing that "extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time." *Id.*, at 1040.

In *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), the Seventh Circuit lists circumstances that do not justify the application of equitable tolling: lack of access to trial transcript, lack of response from attorney, lack of legal knowledge, language barrier, transfer between prisons, unclear law, and death of relative. *Modrowski*, at 967; *see also Nolan v. United* States, 358 F.3d 480, 484 (7th Cir. 2004); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004). Talbot implies that his ignorance of the law and the circumstances of his confinement prevented him from timely filing his motion (DE-83, p. 10). As noted in *Modrowski*, these reasons do

7

not justify application of the doctrine of equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 170-72 (5th Cir. 2000).

To be entitled to equitable tolling, Talbot must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *Petty*, 530 F.3d at 365 (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (observing that "equity is not intended for those who sleep on their rights"). "The diligence required is 'reasonable diligence,' not maximum feasible diligence." *Manning*, 688 F.3d at 183. The record is bereft of any effort on Talbot' behalf to seek relief from his conviction after his sentence became final. Because Talbot has wholly failed to pursue his post-conviction rights and because no extraordinary circumstance stood in his way, he is not entitled to a finding of equitable tolling. Further, none of the circumstances that extend the date of finality listed under 28 U.S.C. § 2255(f) are implicated. This Court should dismiss Talbot's motion as time-barred.

## IV.

## **CONCLUSION**

In light of the foregoing, the government prays that this Court enter an order dismissing Talbot's motion as time-barred or, alternatively, summarily denying relief. "A district court need not hold an evidentiary hearing to resolve ineffective assistance of counsel claims where the petitioner has failed to allege facts which, if proved, would admit of relief. ... If on the record before us, 'we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary and we may affirm.'" *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) (quoting and citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994) and *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995)), *see also*, *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995). The Court has instructed district judges to employ a two-step inquiry:

> First, the district court should examine the record in the case as supplemented by the judge's "personal knowledge or recollection" to determine if the record conclusively negates the facts asserted by the movant. ... Second, the district court should decide whether the movant would be legally entitled to post-conviction relief if his factual allegations are true (at

9

> least those allegations not conclusively refuted by the record or the judge's personal knowledge or recollection. ... If the district court resolves these two prongs in favor of the movant, "§ 2255 requires it to conduct an evidentiary hearing based on those factual allegations which, if found to be true, would entitle the petitioner to post-conviction relief."

*United States v. Ochoa*, 127 F.3d 34, 1997 WL 589346 (5th Cir. 1997) (unpublished) (citing *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979)). An evidentiary hearing is not required. This Court can resolve the issues on the record before it. The government is entitled to an Order granting it summary judgment and denying Talbot relief under 28 U.S.C. § 2255.

Courts review *pro se* pleadings under a less stringent standard than those drafted by attorneys and such pleadings are entitled to a liberal construction that includes all reasonable inferences drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972). At the same time, however, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence

in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Here, Talbot cannot overcome the fact that his motion for collateral relief was filed long after the expiration of § 2255's one-year statute of limitations. The Court can deny relief without an evidentiary hearing.

Before Talbot can perfect an appeal from an order denying him relief under 28 U.S.C. § 2255, he must secure a certificate of appealability. 28 U.S.C. § 2253. "A certificate of appealability may issue pursuant to 28 U.S.C. § 2253(c), 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *United States v. Ratliff*, 719 F.3d 422, 424 (5th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 481 (2000)). Here, reasonable jurists would not debate the correctness of a holding that Talbot has failed to make a substantial showing that either the Court or his attorneys abrogated any of his substantial rights.

In light of the foregoing, the Court should enter an order dismissing Talbot's motion for relief under 28 U.S.C. § 2255.

        Respectfully submitted,

        RYAN K. PATRICK
        United States Attorney

        CARMEN CASTILLO MITCHELL
        Chief, Appellate Division


        By: /s/ James L. Turner
        JAMES L. TURNER
        Assistant United States Attorney
        Attorney for Respondent
        1000 Louisiana Street, Suite 2300
        Houston, Texas 77002
        State Bar No. 2036190
        (713) 567-9102
        Facsimile: (713) 718-3302

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above Motion to Dismiss Talbot's Motion For Relief Under 28 U.S.C. § 2255 as Time Barred was electronically filed with the United States District Clerk for the Southern District of Texas and sent by certified mail, return receipt requested, on April 4, 2018, to the following:

Robert James Talbot, Jr.
Reg. No. 44679-379
USP Atlanta
P.O. Box 150160
Atlanta, GA 30315

/s/ James L. Turner
JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Respondent, § | |
| § | Case No. 4:14-CR-169 |
| v. § | |
| § | Case No. 4:18-CV-468 |
| ROBERT JAMES TALBOT, JR. § | |
|     Petitioner. § | |

## ORDER

The Court, having reviewed the record and pleadings in this case, finds that Robert James Talbot, Jr.'s Motion for Relief under 28 U.S.C. § 2255 is time-barred. It is therefore, ORDERED that Talbot's Motion for Relief under 28 U.S.C. § 2255 is DISMISSED.

SIGNED this _____ day of _____ 2018.

_____
UNITED STATES DISTRICT JUDGE