IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-14-169 |
| § | CIVIL ACTION NO. H-18-0468 |
| ROBERT JAMES TALBOT, JR., § | |
| § | |
| Defendant/Movant. § | |

## MEMORANDUM AND RECOMMENDATION GRANTING THE UNITED STATES' MOTION TO DISMISS

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Motion to Dismiss (Document No. 97) Defendant/§ 2255 Movant Robert James Talbot's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 83), in which the Government argues that the § 2255 motion is time-barred. Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Motion to Dismiss, Talbot's Traverse (Document No. 98), the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

### I. Introduction and Procedural History

Movant Robert Games Talbot, Jr. ("Talbot"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is

Talbot's first motion pursuant to § 2255.

On April 17, 2014, Talbot was charged by Indictment with attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) & 2, and solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a) (Document No. 11). On October 3, 2014, Talbot pled guilty to both offenses without a plea agreement (Document No. 29). Following the preparation of a presentence investigation report, Talbot was sentenced on November 6, 2015, to seventy-eight (78) months incarceration, to be followed by a three year term of supervised release, and a $800.00 fine (Document No. 61). A Judgment of Conviction was entered on November 24, 2015 (Document No. 63). Talbot did not appeal.

On or about December 14, 2017, Talbot filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 83).[1] The Government, in its Motion to Dismiss (Document No. 97) maintains that Talbot's § 2255 motion was not timely filed, and should be dismissed as time-barred. Talbot, in a "Traverse" (Document No. 98), responds that equitable tolling of the limitations period is warranted based on: (1) the limited time he has been able to spend in the law library; (2) the repeated lock-down status at the prison where he is incarcerated; (3) his diminished mental capacity and mental impairments; and (4) his repeated attempts to obtain documents from his underlying criminal case.

---

[1] Talbot's § 2255 Motion is signed and dated November 20, 2017, but an attachment to that filing is signed and dated December 14, 2017. There is no evidence in the record when Talbot's § 2255 was mailed, but it was received by the Clerk and filed on February 13, 2018. Given the mailbox rule for prisoners' filings in federal court, *Houston v. Lack*, 487 U.S. 266 (1988), Talbot's § 2255 motion will be construed as having been filed on December 14, 2017, the date an attachment to his § 2255 motion was signed and dated.

## II. Claims

Talbot alleges in his § 2255 Motion that he suffered from diminished capacity at the time of the offense, and that his counsel was ineffective for allowing him to plead guilty, and for failing to obtain some sentencing concession based thereon. The Government argues in its Motion to Dismiss that these claims, and Talbot's § 2255 motion, are time-barred.

## III. Discussion – Limitations

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Talbot's conviction became final on December 8, 2015, fourteen (14) days after the Judgment was entered, when he did not file a Notice of Appeal. *See* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982)

3

(noting that a conviction is final when the availability of further appeal is exhausted). Talbot then had one year from December 8, 2015, until December 8, 2016, to file a timely § 2255 motion. Talbot's § 2255 motion was not filed until December 14, 2017, over a year too late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Talbot's § 2255 motion cannot be considered timely under § 2255(2) because Talbot has not alleged that he was in any way impeded by Government "action in violation of the Constitution or laws of the United States" from filing a timely § 2255 motion. *Olvera v. United States*, Nos. EP-13-cv-34-PRM, EP-10-cr-1484-PRM-1, 2013 WL 8480145 *3 (W.D. Tex. Nov. 19, 2013) ("To invoke the one-year limitations period in 28 U.S.C. § 2255(f) (2), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."), *aff'd*, 775 F.3d 726 (5th Cir. 2015). While Talbot points out that he attempted, unsuccessfully, to timely obtain documents from his underlying case, Talbot has not shown that a government created "impediment" "prevented" him from filing his § 2255 motion. In addition, Talbot's motion cannot be considered timely under § 2255(3) because he has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Talbot's § 2255 motion cannot be considered timely under § 2255(4) because Talbot has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

As for whether there is an equitable basis in the record for extending the limitations period, the Magistrate Judge concludes, upon review of the entire record, including Talbot's post-judgment letters and requests to the Court for documents, that there is not. The record shows that Talbot, as

early as April 2016, prior to the expiration of the one year limitations period, asked for copies of his presentence investigation report (Document No. 68), as well as copies of a "case action summary" and grand jury minutes (Document No. 70). He also, on April 29, 2016, filed a "Motion for Production of Documents" (Document No. 71), seeking "documents related to this action for his pro se action against this FINAL ORDER OF FORFEITURE' (Document No. 71). On May 3, 2016, he additionally filed a "Request for Production of Documents," seeking: (1) "copies of the State's discovery and all other discovery evidence from movant's trial proceeding"; (2) "copies of any and all evidence used in the proceeding that was the result of video or audio surveillance;" (3) "copies of all warrants that were issued for surveillance, seizures, or other actions by authorities"; (4) "copies of the grand jury minutes and proceedings and the evidence presented therein which was used to obtain indictment(s) against the defendant Talbot"; and (5) "copies of the pre-sentence investigation report and plea-bargain agreement" (Document No. 72). It is unclear whether any action was taken on any of Talbot's requests, as the record only shows correspondence from the Court to Talbot being returned as undeliverable on June 1, 2016 (Document No. 75).

Talbot next contacted the Court nearly eight months later, with a letter he sent in February 2017, advising the Court that his federal register number had been incorrect on the mailing that was returned in June 2016 (Document No. 76). In a subsequent motion, filed on June 16, 2017, Talbot reiterated his request, from the year before, seeking documents and evidence from his underlying case (Document No. 78). Talbot then, in July 2017, sent an additional letter to the Court, asking about the status of his prior request for documents (Document No. 82). Thereafter, on or about December 14, 2017, Talbot filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 83).

Equitable tolling may, in rare and exceptional circumstances, be available to "preserve a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Id.* In addition, the burden of proving rare and extraordinary circumstance in support of equitable tolling lies strictly with the petitioner. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Here, Talbot has not met his burden of showing that equitable tolling is warranted. First, delay in receiving documents from the Court, in response to a letter request for such, has never been held, by itself, to warrant equitable tolling. *Cates v. United States*, No. 3:09-CR-018-F, 2014 WL 3404963, at *4 (N.D. Tex. July 11, 2014) ("Generally, an inability to obtain the trial transcript or the untimely receipt of the transcripts is not an exceptional circumstance that warrants equitable tolling."); *Branch v. United States*, No. 3:13-CV-3171-G BN, 2013 WL 6728006, at *2 (N.D. Tex. Dec. 20, 2013) (rejecting movant's arguments for equitable tolling that were based on delays and/or inability to obtain "copies of the criminal docket sheet, plea agreement, factual resume, and sentencing transcript," particularly where movant had not shown that any of the requested "documents were necessary to the filing of a timely Section 2255 motion."); *see also United States v. Arrellano-Lopez*, No. CIV.A. C-07-464, 2007 WL 4367810, at *2 (S.D. Tex. Dec. 13, 2007)

(noting that § 2255 movant was not "precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts."). Moreover, nothing in Talbot's document requests has been shown to have any bearing on the claim Talbot asserts in the § 2255 motion he did file. As for Talbot's complaints about his access to the law library, and the lockdowns at the facility where he has been incarcerated, neither complaint is a rare or extraordinary circumstance, *see Coppin v. United States*, No. 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) ("An institutional lockdown or a delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling"), particularly given the lack of any specifics about the timing and/or duration of any law library access restrictions and/or lockdown(s). Finally, Talbot's complaints about his mental health issues, while ostensibly supported by the October 13, 2014 "Psychiatric Report Regarding Possible Diminished Capacity" (sealed Document No. 59 at pp. 2-13), which was filed in the record prior to Talbot's sentencing, also do not support an application of equitable tolling. That is because Talbot has made no showing that his mental health issues have either been disregarded by the Bureau of Prisons since his sentencing or that he has, for some identifiable period of time during the one year limitations period, been afflicted by mental health issues that rendered him incompetent or otherwise unable to file a timely § 2255 motion.[2]

---

[2] At sentencing, the October 13, 2014 Psychiatric Evaluation was discussed at length, with Talbot's counsel arguing that the contents of that evaluation supported a downward departure from the applicable guideline range. As of November 6, 2015, the date Talbot was sentenced, Talbot appeared to the Court to have a "very high intellect in his ability to articulate, to memorize, and to state a considerable amount about what he perceives his condition to be." Sentencing Transcript (Document No. 93) at 30-31. There is nothing in the record to suggest that Talbot's mental state deteriorated following his sentencing.

In all, the record is devoid of both of any specific allegations and any evidence that would support the application of equitable tolling to Talbot's untimely filed § 2255 Motion to Vacate, Set Aside or Correct Sentence. *See e.g., Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (a petitioner's unfamiliarity with legal process, lack of representation, or illiteracy are not circumstances that warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (time spent by a petitioner in psychiatric confinement on medication and without his glasses did not warrant equitable tolling); *see also Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) ("Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition"). As such, and as argued by the Government in its Motion to Motion to Dismiss, Talbot's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be DISMISSED WITH PREJUDICE as time-barred.

## IV.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Robert James Talbot, Jr.'s § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed and that the record does not support the application of equitable tolling, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 97) be GRANTED, that Robert James Talbot. Jr.'s § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 83) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this ___ day of August, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE